**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In Re:

ARTHUR HERRING, III,

    Debtor.

_____/

Case No.: 20-12141-MDC

Chapter 7

NITV FEDERAL SERVICES, LLC,

    Plaintiff,
v.

ARTHUR HERRING, III,

    Defendant.

_____/

Adv. Case No.: 20-00180

**PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT AS TO THE**
**NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)**

Plaintiff NITV Federal Services, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 (made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056), hereby moves for entry of final summary judgment against defendant Arthur Herring, III ("Defendant") on its claim for non-dischargeability under 11 U.S.C. § 523(a)(6). In support of this Motion, Plaintiff is filing a brief in support thereof. For the reasons stated in the brief, Plaintiff contends that there is no genuine disputed issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law. As set forth in more detail in the brief, Plaintiff seeks summary judgment on the following basis:

1.     On July 27, 2018, Plaintiff filed a lawsuit (the "Florida Lawsuit") against Defendant and Dektor Corporation ("Dektor") in the United States District Court for the Southern District of Florida (the "District Court") (Case No. 9:18-cv-80994).

2. On December 16, 2019, an Order of Final Default Judgment and Permanent Injunction Against Both Defendants was entered against Defendant and Dektor in the Florida Lawsuit. That Order awarded final judgment to Plaintiff (against both Debtor and Dektor) on all claims asserted in the Florida Lawsuit, including Plaintiff's claims for violation of the Lanham Act, defamation, and tortious interference.

3. In granting final judgment against Defendant, the District Court specifically found that Defendant willfully/intentionally violated the Lanham Act, willfully/intentionally committed defamation, and willfully/intentionally committed tortious interference. In light of this intentional conduct, the District Court awarded Plaintiff (on its Lanham Act claim) two times the amount of actual damages proved, or $849,347.92.

4. Defendant was provided multiple opportunities to participate and did in fact participate extensively in the Florida Lawsuit – he (as a pro se litigant) filed dozens of motions/memoranda participated in multiple hearings (including a hearing on Plaintiff's request for entry of final judgment), made various settlement demands, etc.

5. The doctrine of issue preclusion applies to bar Defendant from re-litigating the issues and/or findings in the Florida Lawsuit.

6. Because the underlying judgment involves "willful" and "malicious" conduct (on Plaintiff's claims for defamation, tortious interference, and violation of the Lanham Act) and because the District Court found that Defendant intentionally committed such conduct, the full amount of the underlying judgment is non-dischargeable under 11 U.S.C. § 523(a)(6).

Dated: July __, 2020.

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

Telephone: (954) 603-1340
DDesouza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq.
Daniel DeSouza, Esq.
Florida Bar No.: 19291

*Admitted Pro Hac Vice*


**DEAN E. WEISGOLD, P.C.**

By: _____
Dean E. Weisgold
Attorney for Plaintiff
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602
dean@weisgoldlaw.com