**NAHRGANG & ASSOCIATES, P.C.**
**BY:  MATTHEW R. NAHRGANG, ESQUIRE**
**ATTY. I.D.:  60051**
**35 Evansburg Road**
**Collegeville, PA 19426**
**(610)489-3041**
**E-Mail mnahrgang@verizon.net**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| IN RE: Arthur Herring, III | : | NO.  20-12141 |
| Debtor | : | |
| | : | CHAPTER 7 |

---

| | | |
|---|---|---|
| NITV FEDERAL SERVICES, LLC | : | |
| Plaintiff | : | NO. 20-180 |
| VS. | : | |
| | : | |
| Arthur Herring, III | : | |
| Defendant | : | |


**DEFENDANT'S BRIEF IN OPPOSITION TO**
**MOTION FOR SUMMARY JUDGMENT**

**I. Factual and Procedural Background**

On or about April 28, 2020, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code.

On June 1, 2020, this adversary case was commenced and on July 13, 2020, Plaintiff filed the instant motion.

On December 16, 2019, judgment was entered against Defendant in the Southern District of Florida based on the following causes of action brought by Plaintiff in that case: Lanham Act, FDUTPA, Defamation, and Tortious Interference (The Judgment).

**NITV v. Herring, Adv. 20-180**
**Defendant's Brief in Opposition to**
**Plaintiffs Motion for Summary Judgment**
**Page 1 of 7**

## II.  Legal Argument

The threshold question facing this Court is whether collateral estoppel applies to each and every element of the judgment.  Plaintiff has the burden to prove that the issues decided in the Florida case are **identical** to the issues in this case.  *Schulman v. J.P. Morgan Investment Management*, *Inc.*, 35 F.3d 799 (3d Cir. 1994).

This case was brought under 11 USC 523(a)(6) and Plaintiff has the burden to prove that the entire debt was the result of willful and malicious injury.  Exceptions to discharge are strictly construed against creditors and liberally interpreted in favor of debtors. *United States v. Stelweck*, 108 B.R. 488, 495 (E.D. Pa. 1989).

Any 523(a)(6) case must be decided in accordance with *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).  *Geiger* stands for the proposition that there are 2 elements to any such claim, intent to perform the act complained of **and** intent to cause the Plaintiff injury.  Each cause of action will be analyzed with *Geiger* in mind.

**A.    The Lanham Acts.**

The Judgment contains the following analysis regarding the Lanham Act

The Lanham Act prohibits making "false or misleading representation[s] of fact … in commercial advertising or promotion" which "misrepresent[] the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. §1125(a)(1). To prevail on a false advertising/unfair competition claim under the Lanham Act, the movant must show (1) that the opposing party's advertisements were false or misleading; (2) that the advertisements deceived, or had the capacity to deceive, consumers; (3) that the deception materially affected purchasing decisions; (4) that the misrepresentation affects interstate commerce; (5) and that the movant has been injured or is likely to suffer injury because of the false advertising. *N. American Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224 (11th Cir.2008); *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). Under the Lanham Act, a "cause of action for product disparagement includes the following elements: 1) there must be 'commercial advertising or promotion' constituting commercial speech of or concerning another's goods or services or commercial activities, 2) by a defendant who is in commercial competition with plaintiff, 3) for the purpose of influencing consumers to buy defendant's goods or services, and 4) the promotion must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry."). *See Fun* 12 *Spot of Fla., Inc. v. Magical Midway of Cent. Fla., Ltd.*, 242 F. Supp. 2d 1183, 1203 n.3 (M.D. Fla. 2002) (collecting cases).

The Judgment Court found that all of the foregoing elements existed and entered judgment on that count.

Defendant respectfully notes that his intent was not an element of the Lanham Act claim. Accordingly, Defendant respectfully submits that this portion of the Judgment is not **identical** to the elements required under 523(a)(6) and no issue preclusion exists for this Count.

**B.    Florida's   Deceptive    and    Unfair   Trade   Practices ("FDUTPA")**

The Judgment contains the following analysis regarding the FDUTPA.

> A FDUTPA claim has three elements:
> (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1338 n.25 (11th Cir. 2012); *BPI Sports, LLC v. Labdoor, Inc.*, 2016 WL 739652, at *4 (S.D. Fla. Feb. 25, 2016) (citing Florida case law).

Once again, Defendant respectfully notes that his intent was not an element of the FDUTPA claim, either. Accordingly, Defendant respectfully submits that this portion of The Judgment is also not **identical** to the elements required under 523(a)(6) and no issue preclusion exists for this Count, either.

**C.    Defamation**

The Judgment Court analyzed this Count.

> Under Florida law, the elements of defamation are: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)).

Once again, Defendant respectfully notes that his intent was not an element of the defamation claim, either. Indeed, The Judgment Court merely found that Defendant **knew or should have known** that the statements were false. That is the exact lesson learned from *Geiger*. Mere recklessness regarding the potential

damages is not enough under 523(a)(6) and the recklessness in this count only goes to whether the statements were true or false, not regarding the crucial second (a)(6) element, harm to Plaintiff.

Defendant respectfully disagrees with the Florida federal decisions cited by Plaintiff which are not in accordance with the plain holding of *Geiger* and not binding on this Honorable Court.

Accordingly, Defendant respectfully submits that this portion of The Judgment is also not **identical** to the elements required under 523(a)(6) and no issue preclusion exists for this Count, either.

### D. Tortious Interference

The Judgement Court analyzed this Count as follows.

> Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff. *Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (citing *Ethan Allen, Inc. v. Georgetown Manor,Inc.*, 647 So.2d 812, 814 (Fla. 1994)).

Defendant concedes that intention is **finally** an element of this Count. However, the intent is **only** regarding the act itself, **not** whether Defendant intended to harm Plaintiff. Once again, *Geiger* governs this Honorable Court on this crucial second issue. **All** elements must be **identical** for Plaintiff to

prevail in the instant Motion and The Judgment clearly shows that only one element of one count satisfies that criteria.

Plaintiffs reliance on *Corn v. Marks*, 192 BR 379 (ED PA 1996), is misplaced as that case was decided prior to *Geiger*. More importantly, it involves Pennsylvania law, not Florida law upon which The Judgment was based. The crucial difference is the element of intent to harm found in the Pennsylvania law, which is notably absent from Florida Law. *Corn* at 385.

### E.    Damages

While Defendant respectfully submits the issues are not identical, except for one count regarding intent to interfere with business, thereby mandating that the Motion be substantially denied, in the alternative, Defendant will address the damages argument raised in his Answer to the Complaint.

Defendant took the position that the double damage award by The Judgment Court was essentially punitive and dischargeable as not being the result of willful and malicious injury. Defendant now concedes that argument is misplaced as The Judgment Court noted the double damages may not punitive.

The US Supreme Court also addressed a punitive damage award in the context of a 523(a)(2) claim holding that the same were part of the debt and therefore likewise non dischargeable. *Cohen v. De La Cruz*, 523 US 213 (1998).

Defendant respectfully submits that this case is distinguishable from *Cohen* in 2 respects. First, that case did not involve 523(a)(6). Second, *Cohen* only involved a fraud

claim, not other causes of action and the punitive award was directly related to the fraud claim.

In the instant case, if this Honorable Court finds that the Lanham Act count is dischargeable, Defendant respectfully submits that the double award is likewise dischargeable as not being based on willful and malicious injury.

## III. Conclusion

For the foregoing reasons, Defendant respectfully submits the instant motion should be denied.

Respectfully submitted,

/s/ *Matthew R. Nahrgang*

_____
Matthew R. Nahrgang,
Attorney for Defendant