## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

                                        Chapter 7

Arthur Herring, III,

                                        Bankruptcy No. 20-12141-MDC

                    Debtor.

_____/

NITV Federal Services, LLC,

                                          Adversary No. 20-00180-MDC

                    Plaintiff,

v.

Arthur Herring, III,

                    Defendant.

_____/

### PLAINTIFF'S *UNILATERAL* PRETRIAL STATEMENT

Pursuant to the Court's Pretrial Scheduling Order entered on July 7, 2020 [D.E. #5], Plaintiff, NITV Federal Services, LLC ("Plaintiff" or "NITV") respectfully submits this *Unilateral*[1] Pretrial Statement.

**A.    Basis of jurisdiction.** This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**B.    Statement of uncontested facts.**

1.    On June 1, 2020, Plaintiff filed a Complaint to Determine Dischargeability of Debt in the above adversary case. [D.E. #1]

2.    Plaintiff is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida. Plaintiff is a creditor of Defendant.

---

[1]    Plaintiff (through undersigned counsel) has made multiple attempts to obtain defendant Arthur Herring, III's ("Defendant") comments and/or revisions to a "Joint" Pretrial Statement. Defendant, however, has ignored or refused to respond to those multiple inquiries and therefore Plaintiff is filing the Pretrial Statement unilaterally. This, unfortunately, has become a common practice by Defendant who has failed/refused to respond to many more attempts by undersigned counsel to contact Defendant throughout this lawsuit.

3.      Defendant is an individual who resides in Quakertown, PA.

4.      On April 28, 2020, Defendant filed a voluntary petition for bankruptcy protection under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code).

5.      On July 27, 2018, NITV filed a lawsuit (the "Florida Lawsuit") against Defendant and Dektor Corporation ("Dektor") in the United States District Court for the Southern District of Florida (Case No. 9:18-cv-80994). Defendant is the sole shareholder, officer, and/or director of Dektor.

6.      On June 10, 2019, NITV filed (in the Florida Lawsuit) its Motion for Sanctions Against Defendant Arthur Herring III for Spoliation of Evidence and Discovery Abuse (the "Motion for Sanctions"). That motion sought severe sanctions against Defendant for a multitude of severe/egregious discovery sanctions he orchestrated during the pendency of the Florida Lawsuit.

7.      On September 20, 2019, as a result of the above-described misconduct, the Southern District of Florida entered an Order Granting Plaintiff's Motion for Sanctions for Spoliation of Evidence and Discovery Abuse against Defendant Arthur Herring III.

8.      On December 10, 2019, Judge Brannon held an approximate six hour evidentiary hearing with respect to NITV's motion for final judgment. At the hearing, the Court received testimony and evidence from two (2) NITV witnesses, both of which were cross-examined by Debtor.  In addition, Debtor also testified at length at the hearing. Thereafter, on December 16, 2019, an Order of Final Default Judgment and Permanent Injunction Against Both Defendants was entered in the Florida Lawsuit. That Order awarded final judgment to Plaintiff (against both Defendant Arthur Herring III and Defendant Dektor) on all claims asserted in the Florida Lawsuit, including Plaintiff's claims for violation of the Lanham Act, defamation, and tortious interference.

9.      In light of this intentional conduct, Judge Brannon awarded Plaintiff (on its Lanham Act claim) two times the amount of actual damages proved, or $849,347.92.

10.     That Order also imposed a permanent injunction precluding both Defendant Arthur Herring III and Dektor from continuing to send the aforementioned e-mails/communications or re-publish the aforementioned defamatory websites.

11.     The December 16, 2019 final judgment entered in the Florida Lawsuit contains a detailed recitation of the facts that the Southern District of Florida found to be established against both Defendant Arthur Herring III and Defendant Dektor. In describing the facts, the Southern District of Florida specifically stated: "These facts are drawn from credible witness testimony and uncontested evidentiary submissions that have been presented to the Court. The Court has independently analyzed and considered the evidence and has adopted only those findings which the Court has deemed to be properly supported."

2

**C.** **Statement of facts which are in dispute**. None.

**D.** **Damages or other relief**. NITV seeks the entry of judgment against Debtor for a determination that the $849,347.92 judgment entered in the Southern District of Florida is non-dischargeable under 11 U.S.C. § 523(a)(6).

**E.** **Legal issues**. Section 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "Willful" means deliberate or intentional injury, not just a deliberate or intentional act that leads to injury. In re Coley, 433 B.R. 476, 497 (Bankr. E.D. Pa. 2010) (citing Kawaauhau v. Geiger, 523 U.S. 57 (1998)). "[A]ctions taken for the specific purpose of causing an injury as well as actions that have a substantial certainty of producing injury are 'willful' within the meaning of § 523(a)(6)." In re Coley, 433 B.R. at 497 (citing In re Conte, 33 F.3d 303, 307-09 (3d Cir. 1994)). The "Code requires at least a deliberate action that is substantially certain to produce harm." Conte, 33 F.3d at 309.

"Malice" means wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. 4 Collier on Bankruptcy ¶ 523.12 [2] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2009). Malice does not mean the same thing for nondischargeability purposes under § 523(a)(6) as it does in contexts outside of bankruptcy. In bankruptcy, debtor may act with malice without bearing any subjective ill will toward plaintiff creditor or any specific intent to injure same. In re Wooten, 423 B.R. 108, 130 (Bankr. E.D. Va. 2010) (citation omitted); see also In re Vidal, 2012 Bankr. LEXIS 4198, at *28 (Bankr. E.D. Pa. Sept. 7, 2012). Therefore, in this proceeding, Plaintiff must prove that:

(1) the subject debt arose from an injury that was willful (i.e., involving Defendant's deliberate and intentional conduct);

(2) the conduct was intended or substantially certain to cause injury; and

(3) the conduct was malicious (i.e., wrongful).

See, e.g., In re Jacobs, 381 B.R. 128, 144-45 (Bankr. E.D. Pa. 2008).

**F.** **Witnesses**.

| Witness Name | Synopsis of Testimony |
|---|---|
| James D'Loughy, Esq. | Mr. D'Loughy will testify regarding the proceedings in the Southern District of Florida, including the entry of judgment against Debtor and Debtor's substantive participation in that litigation. |
| Charles Humble | Mr. Humble will testify concerning Debtor's campaign of disparagement/defamation directed |

3

| | |
|---|---|
| | at NITV and its products. |
| | |

**G.** **A list of all exhibits**.   A list of all exhibits to be offered into evidence is as follows:

1.  July 27, 2018 Complaint in the Florida Lawsuit.
2.  June 10, 2019 Motion for Sanctions in the Florida Lawsuit.
3.  September 20, 2019 Order Granting Motion for Sanctions in the Florida Lawsuit.
4.  December 16, 2019 Final Judgment in the Florida Lawsuit.
5.  Civil Docket Sheet in the Florida Lawsuit.

**H.** **A list of each discovery item and trial deposition**.   None.


**I.** **Estimated trial time and scheduling issues**.   The estimated time which the trial will require is 1 day.


**J.** **Certification**.   NITV Federal Services, LLC certifies that it has attempted good faith settlement discussions without success and it has made diligent, good faith efforts to produce a Joint Pre-Trial Statement, but was unable to do so.

Dated: February 16, 2021

**DESOUZA LAW, P.A.**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (954) 603-1340
DDesouza@desouzalaw.com


By: /s/ Daniel DeSouza, Esq._____
     Daniel DeSouza, Esq.
     Florida Bar No.:  19291
     *Admitted Pro Hac Vice*


**DEAN E. WEISGOLD, P.C.**


By: */s/ Dean Weisgold*
Dean E. Weisgold, Esquire
1835 Market Street, Suite 1215
Philadelphia, PA 19103
Phone 215-979-7602
Attorney for Plaintiff
NITV Federal Services, LLC

Dated:  February 16, 2021

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

                                                          Chapter 7

Arthur Herring, III,

                                                           Bankruptcy No. 20-12141-MDC

                 Debtor.

_____/

NITV Federal Services, LLC,

                                                           Adversary No. 20-00180-MDC

                 Plaintiff,

v.

Arthur Herring, III,

                 Defendant.

_____/

**CERTIFICATE OF SERVICE**

Dean E. Weisgold, Esquire, hereby certifies that a true and correct copy of the within

Plaintiff's *Unilateral* Pretrial Statement was served by first class mail, postage prepaid and email

to the pro-se debtor as follows:

Arthur Herring, III
PO Box 43
Earlington, PA 18918
Email: herthur20@protonmail.com

                                           **DESOUZA LAW, P.A.**
                                           3111 N. University Drive
                                           Suite 301
                                           Coral Springs, FL 33065
                                           Telephone:  (954) 603-1340
                                           DDesouza@desouzalaw.com

                                           By: /s/ Daniel DeSouza, Esq._____
                                                Daniel DeSouza, Esq.
                                                Florida Bar No.:  19291
                                                ***Admitted Pro Hac Vice***

5

**DEAN E. WEISGOLD, P.C.**

By: */s/ Dean Weisgold*
Dean E. Weisgold, Esquire
1835 Market Street, Suite 1215
Philadelphia, PA 19103
Phone 215-979-7602
Attorney for Plaintiff
NITV Federal Services, LLC

Dated:  February 16, 2021